MHW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



RECEIVED

FEB 2 6 2008 aew
FEB 26 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

VIRGIL CODY ROBINSON

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

DOROTHY BROWN

08CV 1191
JUDGE ANDERSEN
MAGISTRATE JUDGE ASHMAN

Case No: _____
(To be supplied by the Clerk of this Court)

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:

✓ ____  COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

____  COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

____  OTHER (cite statute, if known)

**BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.**

I. **Plaintiff(s):**

A. Name: VIRGIL CODY ROBINSON

B. Date of Birth: MARCH 16, 1951

C. List all aliases: VIRGIL CODY ROBINSON \ JAMES THURMOND

D. Prisoner identification number: # C-90056

E. Place of present confinement: MENARD CORR. CTR.

F. Address: P.O. BOX 711 \ MENARD, IL 62259

(If there is more than one plaintiff, then each plaintiff must list his or her name, date of birth, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: DOROTHY BROWN

Title: CLERK OF CIRCUIT COURT OF COOK COUNTY

Place of Employment: 50 WEST WASHINGTON STREET CHICAGO, ILLINOIS 60602

B. Defendant: _____

Title: _____

Place of Employment: _____

C. Defendant: _____

Title: _____

Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 5/2007

III.  List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

   A.  Name of case and docket number: VIRGIL C. ROBINSON V. DOROTHY BROWN; NO. 06 C 4498

   B.  Approximate date of filing lawsuit: AUGUST 18, 2006

   C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: non-apply

   D.  List all defendants: non-apply

   E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. DISTRICT COURT, northern Dist. ILLINOIS

   F.  Name of judge to whom case was assigned: Suzanne B. Conlon

   G.  Basic claim made: Defendant Brown violated Plaintiff's Constitutional Rights by obstructing his access to Courts and the "Corrective Judicial Process"

   H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Case was Dismissed and Appealed. The Appellate Court Denied Leave To Proceed on Appeal In Forma Pauperis

   I.  Approximate date of disposition: December 19, 2007

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 5/2007

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

In August 2006, acting Pro Se Plaintiff Robinson sued Defendant Dorothy Brown Clerk of the Circuit Court of Cook County under 42 U.S.C. § 1983. The complaint contained four claims against Brown, each alleged violation of Plaintiff's Constitutional right of access to Court: Brown (1) deceived Plaintiff by falsifying electronic court records of his 1998 and 2003 motions for the common law record of his 1978 murder trial; (2) deceived Plaintiff by falsifying letters and electronic court records denying his motion for finger and palm print testing (August 18, 2003) and Plaintiff's motion to Amend his Pleading and process (August 29, 2003); lied about receiving Plaintiff's notice of Appeal from the

4

August 2003 denials of his motions; and (4) refused to docket his complaint against the Chicago Police Department. By Memorandum Opinion and Order entered July 20, 2007, the court granted the defendant's motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), stating, Claims I, II and III are dismissed with prejudice as time-barred and Claim IV is dismissed without prejudice for failure to adequately state a § 1983 claim for deprivation of the constitutional right of court access. The Plaintiff then filed a notice of Appeal from the final Judgment entered in case and docket number Virgil C. Robinson v. Dorothy Brown 06 C-4493, and sought leave to proceed in forma pauperis on August 1, 2007. On August 21, 2007, the District Court denied Plaintiff's motion for leave to Appeal in forma pauperis, and certified that the appeal is not taken in good faith. On September 17, 2007, Plaintiff contested

the district court's finding that the appeal is not taken in good faith, and sought with the court of appeals review of the court's certification of this order. Plaintiff Robinson was denied leave to proceed on appeal in forma pauperis by the Appellate Court on December 19, 2007.

In the court's analysis, the Appellate court states the following: "Virgil Robinson's first three claims, alleging that the defendant violated his constitutional right of access to the courts by falsifying documents and failing to docket court filings are time-barred. His final claim, which alleges that the defendant violated his constitutional right of access to the court by refusing to record his complaint against the Chicago Police Department, has insufficient factual support. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (U.S. 2007); Hickey v. O'Bannon, 287

F. 3d. 656, 658 (7th Cir. 2002). The most liberal reading of Mr. Robinson's complaint reveals only that a month and a half after he mailed his complaint he had yet to receive a "file-stamped date" copy of his complaint from the defendant. These facts, even if true, fail to state a constitutional violation as a matter of law.

Mr. Robinson shall pay the required docketing fee within 14 days, or else this appeal will be dismissed for failure to prosecute pursuant to Circuit Rule 3(b).

On January 11, 2008, the Appellate Court issued a ordered stating, "the Pro Se Appellant was DENIED leave to proceed on appeal in forma pauperis by the Appellate Court on 12/19/07, and has not paid the $455 appellate fee. It is ordered that this appeal is dismissed for failure to pay the

required docketing fee pursuant to Circuit Rule 3(b). See: Exhibit - "P" -- Order of Court of Appeals January 11, 2008.

Through a freedom of Information Act request in April 2004, Plaintiff sought arrest report, police reports, including, crime scene processing report, general progress report, major crime scene work-sheet, investigative files, inventory slips, and crime lab report, pertaining to his 1978 murder trial from the Chicago Police Department. The request was de- in May 2004. On September 21, 2005, Plaintiff sent the County's Clerk a complaint against the Chicago Police Department concerning the police reports. In a October 28, 2005, letter to the defendant, Plaintiff inquired about the status of his complaint and responded to a request for a case number. See: exhibit - 'S-C --- Plaintiff's October 28,

2005 letter to defendant Brown). That on or about November 29, 2005, Plaintiff received from defendants Clerk of the Circuit Court a uncertified copy of Statement of Conviction\Disposition (electronic court record), dated November 15, 2005, not containing a recording of Plaintiff's complaint. See: Exhibit-'4-B'- copy of uncertified Statement of Conviction\Disposition dated 11-15-05 from the Illinois Circuit Court Clerk.

## LEGAL CLAIM COUNT I

Defendant Brown, intentionally, willingly, arbitrarily, and capaciously, refused to file or docket Plaintiff's complaint for injunctive relief, against the Chicago Police Department in a timely manner, resulting in time limitation to file said complaint to elapse; thereby preventing complaint from ever being filed, which prejudiced the litigation from

ever being determined in a Court of proper Jurisdiction, defendant acted in bad faith, and with deliberate indifference, and total reckless disregard to deprive Plaintiff of his right to Due Process and to Access to the Courts, in violation of the 1st and 14th Amendments to the U.S. Constitution.

## LEGAL CLAIM COUNT II

Defendant Brown's acts, conduct, misconduct and omissions made in bad faith deliberate indifference with total reckless disregard for Plaintiff's federal Constitutional rights, also denies Plaintiff of rights under Article 1 Section 2 and 12 of the Bill of Rights of the Illinois State Constitution.

## LEGAL CLAIM COUNT III

Defendant Brown's acts and omissions deprives Plaintiff of his rights preserved him by virtue of Illinois State Law.

V.  Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

To Award Plaintiff Punitive damages in amount of $77,000 dollars. Grant Plaintiff Injunctive relief and order the defendant to turn over to Plaintiff copies of his arrest report, police reports, inventory slips & investigative files of indictment # 77-5035.

VI.  The plaintiff demands that the case be tried by a jury.   ☒ YES   ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 20th day of Feb, 2008

Virgil C. Robinson

(Signature of plaintiff or plaintiffs)

VIRGIL C. ROBINSON
(Print name)

C-90056
(I.D. Number)

Menard Corr. Ctr. P.O. Box 711
Menard, Illinois 62259
(Address)

# APPENDIX

EXHIBIT-'P'

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Date:  January 11, 2008

By the Court:

No. 07-2867

VIRGIL C. ROBINSON,
       Plaintiff - Appellant

v.

DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
       Defendant - Appellee


Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division
No. 06 C 4493, Suzanne B. Conlon, Judge

      The pro se appellant was DENIED leave to proceed on appeal in forma pauperis by the appellate court on 12/19/07 and was given 14 days to pay the $455 filing fee. The pro se appellant has not paid the $455 appellate fee. Accordingly,

      **IT IS ORDERED** that this appeal is **DISMISSED** for failure to pay the required docketing fee pursuant to Circuit Rule 3(b).

      **IT IS FURTHER ORDERED** that the appellant pay the appellate fees of $455 to the clerk of the district court. The clerk of the district court shall collect the appellate fees from the prisoner's trust fund account using the mechanism of Section 1915(b). <u>Newlin v. Helman</u>, 123 F.3d 429, 433 (7th Cir. 1997).


(1252-PLRA(g)-041299)

S-C
EXHIBIT-"X-X" "X-A"

VIRGIL ROBINSON
REG NO. C-90056
R.R.# 4- BOX 196
Mt. Sterling, IL 62353

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT-
OF COOK COUNTY
2650 S. CALIFORNIA AVENUE
CHICAGO, ILLINOIS 60608

October 28, 2005

Re: VIRGIL ROBINSON V. DEPARTMENT OF POLICE--CITY
OF CHICAGO. CASE NO. 77-5035

Dear Clerk:

On 10-8-05 I sent in to your office a letter of inquiry, for information about the Status of a Complaint for Injunctive Relief, relative to the above-reference action and case number,

Copy front and back!

# EXHIBIT - '5-C'

that I had mailed in to your office for filing on 9-21-05.

Today, on 10-28-05, I received correspondence from your office notifying me that my case number is required, before my request can be processed.

I will have you note the case number in the above-reference cause.

Thank you for your attention concerning this matter. A speedy reply is urged.

Sincerely,

*Virgil Robinson*
Virgil Robinson

cc: Special Prosecutor -- Edward J. Egan
     Attorney -- Eviva Tutorian

Turn over to reverse side!

·5·