# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 1191 | DATE | MARCH 31, 2008 |
| CASE TITLE | | Virgil C. Robinson (#C-90056) vs. Dorothy Brown | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Menard Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the Clerk of the Cook County Circuit Court, violated the plaintiff's constitutional rights by refusing to file a civil complaint in 2005.

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $8.46 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

(CONTINUED)

mjm

**STATEMENT (continued)**

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law. The plaintiff's are time-barred.

The plaintiff claims that the Circuit Clerk refused to file a complaint for injunctive relief against the Chicago Police Department in September 2005. The plaintiff additionally notes that he already filed suit against the defendant regarding the alleged denial of access to the courts. *See Robinson v. Brown*, Case No. 06 C 4493 (N.D. Ill.). By Memorandum Opinion and Order of July 20, 2007, the court (Conlon, J.) dismissed the complaint in its entirety, specifically dismissing this particular count "for failure to adequately state a § 1983 claim for deprivation of the constitutional right of court access." In denying the plaintiff's motion for leave to appeal *in forma pauperis*, the U.S. Court of Appeals for the Seventh Circuit warned, "These facts, even if true, fail to state a constitutional violation as a matter of law." *See* Appeal No. 07-2867 (7th Cir.), Order dated December 19, 2007. [The appeal was ultimately dismissed for failure to pay the filing fee rather than on its merits.]

The plaintiff may not now re-file suit regarding that dismissed cause of action. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Because the court finds that this lawsuit is time-barred, the court has no occasion to consider whether the prior dismissal without prejudice additionally bars this lawsuit on the basis of *res judicata*. The plaintiff may wish to consider seeking leave to file an amended complaint under Case No. 06 C 4493, if he believes he can articulate a constitutional claim.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

**(CONTINUED)**

## STATEMENT (continued)

As an additional concern, the court notes that the plaintiff made a material omission in the complaint he submitted. The court's civil rights complaint form instructed the plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)." Complaint at 3 (emphasis in original). The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS . . . REGARDLESS OF HOW MANY CASE YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." *Id.* (emphasis in original).

Despite the court's admonition, the plaintiff identified only one prior case, failing to mention at least six other lawsuits he has filed, including two which constitute "strikes" assessed against him. *See Robinson v. Williams,* Case No. 93 C 4383 (N.D. Ill.), dismissed by Minute Order of August 19, 1993 (Nordberg, J.); and *Robinson v. Brown, supra,* Case No. 93 C 4383, dismissed by Memorandum Opinion and Order of July 20, 2007 (Conlon, J.). The plaintiff's effective "fraud" on the court justifies "immediate termination of the suit." *Sloan v. Lesza,* 181 F.3d 857, 859 (7th Cir. 1999).

Because the plaintiff's previous dismissals do not affect his eligibility to proceed *in forma pauperis* in this case, *see* 28 U.S.C. § 1915(g), the court will give the plaintiff the benefit of the doubt and assume that his omissions were due to accidental oversight. But the plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. *See* Fed. R. Civ. P. 11. Before submitting any motions or pleadings to the court, the plaintiff should accordingly review the documents carefully to make sure they are complete and accurate. Misrepresentations to the court could lead to sanctions, including dismissal.

Finally, the plaintiff is advised that this dismissal, in fact, counts as the plaintiff's third "strike." Consequently, in the future, the plaintiff may not file suit in federal court and seek leave to proceed *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).